IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38667-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| IAN C. IRIZARRY, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Ian Irizarry appeals from a jury finding that he committed second degree assault with a deadly weapon for wielding a pipe and a knife at his victim. He argues the State failed to disprove self-defense beyond a reasonable doubt. He also assigns four errors in his statement of additional grounds. We affirm the conviction.

FACTS

A jury convicted Ian Irizarry of second degree assault stemming from an altercation with Paul Racz. Both men were homeless.

One morning in April 2021, Paul Racz approached Ian Irizarry's Spokane tent while Irizarry slept, stole Irizarry's backpack, and sprayed Irizarry in the face with bear

mace from Irizarry's backpack. Irizarry's backpack included all of his possessions, including those required for survival.

After treating his burning eyes, Ian Irizarry went to Compassionate Addiction Treatment (CAT) to obtain food. While at CAT, Irizarry noticed Paul Racz sleeping on Irizarry's backpack next to a planter located on CAT's outside premises. Irizarry grabbed his backpack from under Racz. He looked inside the pack and noticed all of his belongings were missing. Racz sprayed Irizarry with bear mace a second time.

Ian Irizarry dropped his backpack, left CAT's premises, and procured a three-to-four-foot metal pipe on a nearby construction site. Irizarry returned to CAT and confronted Racz, who still lay near the planter. Irizarry swung the metal pipe at Racz. Racz attempted to defend himself. Irizarry dropped the pipe, paced to and fro in front of Racz while Racz remained on the ground, and yelled at Racz.

Ian Irizarry next drew a knife from a sheath attached to a lanyard around his neck. He clutched the metal pipe again and swung the pipe and knife at Paul Racz. The metal pipe struck and injured Racz's hand. While still resting on the ground, Racz lifted Irizarry's backpack as if offering to return the backpack. Irizarry ripped the backpack from Racz's hands and flung it on the ground. Racz stood and backed away from Irizarry as Irizarry advanced toward him with the pipe and the knife readied.

Gayle Harris, an employee of CAT, observed the altercation. At trial, Harris described Irizarry as "angry." Report of Proceedings (RP) at 29-30. Harris de-escalated the hostilities. Racz was transported to the hospital in an ambulance.

Another CAT employee, Hallie Burchinal, arrived at CAT after the row between Ian Irizarry and Paul Racz ended. Burchinal reviewed surveillance footage captured by CAT's security cameras at different angles. At trial, Burchinal described the footage she viewed. According to Burchinal, the footage showed Irizarry carrying a "long object" and Irizarry hitting Racz with the object while Racz attempted to defend himself. RP at 55. Burchinal characterized Irizarry's behavior as being threating toward Racz. The security footage captured a "flash of what looked like a knife" in Irizarry's hands. RP at 60. Racz progressively retreated to avoid the attack from Irizarry.

Spokane Police Officer Seth Killian responded to the location of the altercation. Two employees of CAT, Hallie Burchinal and Kelly Eddings, allowed Killian to view the footage of the altercation captured by three or four security cameras. Killian testified that the camera footage showed Ian Irizarry yelling and acting aggressively toward Paul Racz. Racz never attacked Irizarry, but instead retreated.

After viewing the footage on the date of the confrontation, Officer Seth Killian requested a copy of it. CAT then had available only one flash drive. Kelly Eddings uploaded footage from only one camera onto that flash drive. Killian returned to CAT

3

seven to fourteen days later to obtain the remaining footage of the altercation. CAT had deleted the remaining footage.

PROCEDURE

The State of Washington charged Ian Irizarry with one count of second degree assault with a deadly weapon and one count of harassment. Irizarry asserted the defense of self-defense and defense of property when wielding the knife at Paul Racz during their altercation. Before trial, the prosecution dismissed the harassment charge.

The prosecution filed a motion to continue the first trial date due to witness unavailability. Later the superior court ordered a competency evaluation for Ian Irizarry. The evaluation resulted in the court ordering ninety days of inpatient competency restoration treatment and a stay of the proceedings for completion of the treatment.

At trial, Ian Irizarry argued the State violated the confrontation clause because the State did not present his accuser, Paul Racz, to testify. The superior court rejected this contention because the State did not rely on any statements of Racz.

During trial, the State introduced Exhibit P-5, the security footage of the incident Officer Seth Killian obtained the day it occurred. The State played the footage for the jury. The footage showed the portion of the altercation between Ian Irizarry and Paul Racz near CAT's planter. From viewing this footage, the jury could see Irizarry swing a metal pipe and a knife at Racz while Racz lay on the ground. The jury could also view Irizarry yelling aggressively at Racz, Racz handing Irizarry his backpack back, and

4

Irizarry ripping the pack from Racz's hands before continuing to swing the pipe and knife at him.  Finally, the jury saw Racz rise to his feet and retreat from Irizarry while Irizarry swung the knife and pipe at Racz.

The jury found Ian Irizarry guilty of second degree assault.

LAW AND ANALYSIS

Self-Defense

On appeal, Ian Irizarry argues that the State presented insufficient evidence to disprove he acted in self-defense and defense of property.  We disagree.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and ask if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006).  A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

RCW 9A.16.020(3) codifies the defense of self-defense.  The statute declares:

> The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:
> . . . .
> (3) Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary.

RCW 9A.16.020(3) does little to outline the parameters of self-defense. Case law

holds that self-defense requires a showing that:

> (1) the defendant subjectively feared that he was in imminent danger
> of death or great bodily harm; (2) this belief was objectively reasonable; (3)
> the defendant exercised no greater force than was reasonably necessary;
> and (4) the defendant was not the aggressor.

*State v. Callahan*, 87 Wn. App. 925, 929, 943 P.2d 676 (1997) (citations omitted).

Disproving one element of self-defense disproves the defense as a whole. *State v.*

*Callahan*, 87 Wn. App. 925, 929 (1997).

An evaluation of self-defense includes both a subjective and objective analysis.

The subjective component of this analysis requires the trier of fact to place itself in the

defendant's shoes and view the defendant's acts in light of all the facts and circumstances

the defendant knew when the act occurred. *State v. Read*, 147 Wn.2d 238, 243, 53 P.3d

26 (2002). The objective component requires the trier of fact to determine what a

reasonable person would have done if placed in the defendant's situation. *State v. Read*,

147 Wn.2d 238, 243 (2002).

Before a jury can be instructed on self-defense, the defendant must produce some

evidence regarding the statutory elements of a reasonable apprehension of great bodily

harm and imminent danger. *State v. Janes*, 121 Wn.2d 220, 237, 850 P.2d 495 (1993).

Once the defendant accomplishes this, the burden shifts to the prosecution to prove the

absence of self-defense beyond a reasonable doubt. *State v. Woods*, 138 Wn. App. 191,

199, 156 P.3d 309 (2007). When the issue of self-defense is raised, the absence of self-defense becomes another element of the offense, which the State must prove beyond a reasonable doubt. *State v. Woods*, 138 Wn. App. 191, 198 (2007).

We question whether Ian Irizarry presented sufficient evidence of a reasonable apprehension of great bodily harm and imminent danger such that the State needed to disprove the defense beyond a reasonable doubt. Paul Racz's theft of the backpack and spraying of mace had ended minutes earlier. When Irizarry returned to Racz's location with a pipe and a knife, Racz never acted aggressively. Irizarry presented no evidence to the contrary. Still, we analyze the appeal as if the State needed to disprove self-defense beyond a reasonable doubt.

A reasonable jury could conclude that the State's evidence proved beyond a reasonable doubt that any belief of Ian Irizarry of imminent danger or great bodily harm was not objectively reasonable, that Irizarry utilized greater force than reasonably necessary, and that Irizarry acted as the aggressor at the time of the injury to Paul Racz. Among other evidence, Gayle Harris testified that, when she first observed the altercation, Racz laid on the ground. According to Harris, Racz appeared scared and Irizarry appeared angry. The video showed Irizarry attack an unarmed Racz with a pipe and a knife. The footage captured Irizarry lunging toward Racz. No one testified to Racz acting aggressively.

7

Statement of Additional Grounds

Ian Irizary assigns four errors in his statement of additional grounds. First, the State violated the Sixth Amendment to the United States Constitution confrontation clause. Second, the State violated his right to speedy trial. Third, the State failed to preserve evidence. Fourth, his counsel performed ineffectively. We reject all assignments of error.

Ian Irizarry argues that the State violated his right to confront and cross-examine Paul Racz by failing to present Racz at trial. We agree with the trial court's ruling that the proceeding does not implicate an accused's right to confrontation unless the State introduces out-of-court statements uttered by the absent witness. The confrontation clause in the Sixth Amendment "is violated by admission of testimonial out-of-court statements when the declarant does not testify at trial unless the declarant is unavailable to testify and the defendant has had a prior opportunity to cross-examine the declarant." *State v. Ohlson*, 162 Wn.2d 1, 16, 168 P.3d 1273 (2007). Racz cites no law to the contrary.

Ian Irizarry claims that the State violated his speedy trial right. He does not identify whether he relies on a rule-based right or a right based on the Constitution.

Ian Irizarry's trial was delayed for two reasons. First, a witness was unavailable. The court does not breach any speedy trial right by granting a continuance based on the unavailability of a witness. *State v. Bebb*, 44 Wn. App. 803, 813, 723 P.2d 512 (1986),

8

*aff'd*, 108 Wn.2d 515, 740 P.2d 829 (1987). Second, the court imposed a stay for Irizarry to regain competency. A court rule excludes the time of competency treatment from the calculation of time for trial. CrR3.3(e)(1).

Without alleging any constitutional violation, Ian Irizarry assigns error to the State's failure to preserve evidence because police failed to obtain all of the footage from CAT's security cameras. To comport with due process, the State must disclose material exculpatory evidence to the defense and a related duty to preserve such evidence for use by the defense. *State v. Romero*, 113 Wn. App. 779, 796, 54 P.3d 1255 (2002). Nevertheless, police cannot preserve evidence that was never obtained. *State v. Wasson*, 54 Wn. App. 156, 161, 772 P.2d 1039 (1989). Law enforcement attempted to preserve all footage of the altercation. A private party inadvertently erased some of the footage.

Ian Irizarry contends his trial counsel performed poorly when defending him. He identifies no acts or omissions that allegedly constituted ineffective assistance of counsel.

CONCLUSION

We affirm Ian Irizarry's conviction for second degree assault with a deadly weapon.

No. 38667-8-III
*State v. Irizarry*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.